**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **STANLEY E. HUTCHINS,** Plaintiff, | |
| v. | **Civil Action No. 05-938 (GK)** |
| **JOEL ANDREWS, et al.,** Defendants. | |

**MEMORANDUM OPINION**

Plaintiff, Stanley E. Hutchins, brings this defamation action against Defendants Joel Andrews[1] and Jim Nicholson, Secretary, Veterans Affairs ("VA").[2] This matter is before the Court on the United States' Motion to Dismiss.[3] Upon consideration of the Motion, Opposition,[4] and the entire record herein, and for the reasons stated below, the United States' Motion to Dismiss is **granted**.

[1] Plaintiff is suing Andrews in his individual capacity. See Pl.'s Opp'n ¶ 1.

[2] Plaintiff is suing Nicholson in his official capacity. See Compl. ¶ 5.

[3] The United States was substituted as defendant for purposes of removal pursuant to 28 U.S.C. § 2679(d)(1). See 28 U.S.C. § 2679(d)(1) ("Upon certification ... any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States ... and the United States shall be substituted as the party defendant.").

[4] The United States did not file a Reply.

## I. BACKGROUND[5]

At all times relevant herein, Plaintiff was employed by Black Hawk Security ("BHS") as a security guard supervisor. Compl. ¶ 6. BHS provides contract security services to facilities and locations operated by the VA. See Defs.' Mot. at 1. At all times relevant herein, Defendants were employees of the VA. See Compl. ¶¶ 3,5.

Plaintiff claims that, on March 29, 2004, "Defendant [Andrews] published a statement defaming Plaintiff and injuring Plaintiff's professional reputation." Id. ¶ 7. On April 10, 2004, "Mr. James Berry, owner and president of [BHS] read some parts of the defamatory statements written by the Defendant Joel Andrews to the Plaintiff." Id. ¶ 8. That same day, "Mrs. Eleanor Lowery, of the General Services Administration initiated a three way telephone conference and read the defamatory statements to the Plaintiff and Mr. Nathaniel Wood, Vice-President of Operations for [BHS]." Id. ¶ 9.

According to Plaintiff, "Defendant intentionally published a defamatory statement which was known to be false for the purpose of injuring the Plaintiff." Id. ¶ 12. He maintains that he "has suffered emotional distress and decline in the number of

[5] For purposes of ruling on a motion to dismiss, the factual allegations of the complaint must be accepted as true and liberally construed in favor of the plaintiff. See EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 625 (D.C. Cir. 1997). Therefore, the facts set forth herein are taken from the Plaintiff's Complaint or from the undisputed facts presented in the parties' briefs.

assignments on the job because of the defamatory statements." Id. ¶ 13. He claims that "[s]ubsequent to the publication of such defamatory statement, [he] experienced a decline in his professional reputation and loss of income." Id. ¶ 14.

On March 29, 2005, Plaintiff filed this defamation action against Defendants Andrews and Nicholson in the District of Columbia Superior Court seeking money damages. See id. at 3. On May 10, 2005, the government certified that Defendants acted within the scope of their employment during the alleged incident. See Defs.' Ex. 1. Defendants then substituted the United States as sole defendant in the case pursuant to 28 U.S.C. § 2679(d)(1) and removed the instant action to this Court pursuant to 28 U.S.C. § 2679(d)(2).[6]

**II. STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(1) requires the plaintiff to bear the burden of establishing by a preponderance of the evidence that the court has jurisdiction to entertain his claims. See Fed. R. Civ. P. 12(b)(1); Judicial Watch, Inc. v. FBI, 190 F.Supp.2d 29, 32 (D.D.C. 2002); Pitney Bowes, Inc. v. United States Postal Serv., 27 F.Supp.2d 15, 19 (D.D.C. 1998). In determining its jurisdiction, the court must accept the allegations

[6] "Upon certification ... any civil action or proceeding commenced upon such claim in a State court shall be removed ... to the district court of the United States for the district and ... shall be deemed to be an action or proceeding brought against the United States...." 28 U.S.C. § 2679(d)(2).

in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Such allegations, however, "will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F.Supp.2d 9, 13-14 (D.D.C. 2001) (internal quotation omitted). The court is permitted to consider information outside the pleadings. See St. Francis Xavier Parochial Sch., 117 F.3d at 624-25 n.3; Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992); Lipsman v. Sec'y of Army, 257 F.Supp.2d 3, 6 (D.D.C. 2003).

## III. ANALYSIS

### A. The United States Was Properly Substituted for Defendants Andrews and Nicholson Under the Westfall Act

The United States argues that the defamatory statements attributed to Defendants Andrews and Nicholson were made in the scope of their employment as federal employees and, as a consequence, that the United States should be substituted for them as sole defendant under the Federal Employees Liability Reform and Tort Compensation Act ("Westfall Act"), 28 U.S.C. § 2679(d)(1).

The Westfall Act, 28 U.S.C. § 2679(b)(1), provides that a federal employee acting within the scope of employment is immune from state tort suits for money damages.[7] See Stokes v. Cross, 327

[7] Congress enacted the Westfall Act in response to the Supreme Court's decision in Westfall v. Erwin, 484 U.S. 292, 300 (1988), in which the Court held that federal officials generally enjoy (continued...)

F.3d 1210, 1213 (D.C. Cir. 2003); Haddon, 68 F.3d at 1423. Thus, when a federal employee is sued for a wrongful or negligent act, the United States Attorney General, or by designation the United States Attorney in the district where the claim is brought, may certify that the employee was acting at the time within the scope of his or her employment. 28 U.S.C. § 2679(d)(1); 28 C.F.R. § 15.3(a). "Upon certification ... any civil action or proceeding commenced upon such claim in a State court shall be removed ... to the district court of the United States for the district and ... shall be deemed to be an action or proceeding brought against the United States...." 28 U.S.C. § 2679(d)(2). Under the Westfall Act, the "certification of the Attorney General [or designee] shall conclusively establish scope of office or employment for purposes of removal." Id.

For purposes of substitution, however, the certification is judicially reviewable. See Stokes, 327 F.3d at 1213 (citing Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 420 (1995)). Our Court of Appeals emphasized that "the certification 'is not

[7] (...continued)
absolute immunity from state tort lawsuits for money damages only if their conduct was both within the scope of employment and discretionary in nature. The Westfall Act "eliminates the 'discretionary' requirement and provides that federal employees' immunity from state tort lawsuits for money damages hinges exclusively on whether they were acting within the scope of employment during the alleged incident." Haddon v. United States, 68 F.3d 1420, 1422-23 (D.C. Cir. 1995) (internal citations omitted).

conclusive regarding substitution of the federal government. Instead, the federal court may determine independently whether the employee acted within the scope of employment and, therefore, whether to substitute the federal government as the proper defendant.'" Stokes, 327 F.3d at 1214 (quoting Haddon, 68 F.3d at 1423) (internal citation omitted)). See Kimbro v. Velten, 30 F.3d 1501, 1509 (D.C. Cir. 1984) (the district court should "not really treat the certification as having any particular evidentiary weight").

Accordingly, a plaintiff challenging a scope-of-employment certification must bear the burden of "rais[ing] a material dispute regarding the substance of [the government's] determination by alleging facts that, if true, would establish that the defendants were acting outside the scope of their employment." Stokes, 327 F.3d at 1215 (citing Kimbro, 30 F.3d at 1508-09). See Council on Am. Islamic Relations, Inc. v. Ballenger, 366 F.Supp.2d 28, 31 (D.D.C. 2005) ("those challenging the certification bear the burden of rebutting the government's findings") (internal citation omitted). If necessary, the court may permit the plaintiff to conduct reasonably circumscribed discovery and hold an evidentiary hearing to take evidence. See Stokes, 327 F.3d at 1214.

However, "[t]he district court does not err in dismissing a claim against an employee prior to discovery where the plaintiff 'did not allege any facts in his complaint or in any subsequent

filing ... that, if true, would demonstrate that [the defendant] had been acting outside the scope of his employment.'" Daisley v. Riggs Bank, -- F.Supp.2d --, No. 03-1820, 2005 WL 1278470, at *10 (D.D.C. May 31, 2005) (quoting Stokes, 327 F.3d at 1216) (internal quotation omitted). As the Court of Appeals observed in Stokes, "[n]ot every complaint will warrant further inquiry into the scope-of-employment issue." Stokes, 327 F.3d at 1216. See Caesar v. United States, 258 F.Supp.2d 1, 3-4 (D.D.C. 2003) ("If the Court may independently determine, taking all of the allegations of the Complaint as true, and making all reasonable factual inferences in the plaintiff's favor, that, as a matter of law, the alleged tortfeasor was acting within the scope of her employment when plaintiff was injured, then no evidentiary hearing is required.").

Under District of Columbia law, which governs the question of scope-of-employment in this jurisdiction, the Court looks to the Restatement (Second) of Agency (1958). See Stokes, 327 F.3d at 1215; Haddon, 68 F.3d at 1423. Under the Restatement,

> [c]onduct of a servant is within the scope of employment if, but only if: (a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the master, and (d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.

Restatement (Second) of Agency § 228(1).

Plaintiff's Complaint contains no allegation that Defendants used any force. Therefore, only the first, second, and third

criteria are at issue in this case. Because the Court concludes that Defendants' conduct was "actuated, at least in part, by a purpose to serve the master," it need not address whether their conduct was "of the kind" they were employed to perform or whether their conduct occurred "substantially within the authorized time and space limits." See Haddon, 68 F.3d at 1424 ("Because we hold that the electrician's conduct was not 'of the kind' he was employed to perform, we do not decide whether the District Court properly concluded that the electrician was motivated by a desire to help his employer.").

In this case, it is clear that Plaintiff's Complaint and his subsequent filings do not contain sufficient factual allegations to warrant discovery or an evidentiary hearing on the scope of employment question.[8]

In Plaintiff's Opposition to the instant Motion, Plaintiff admits that he "do[es] not know what motivated defendant Andrews to write a letter that harmed the plaintiff. Do we know if the defendant Andrews was furthering his master's interest or was it his own private purposes and interests? Did the defendant Andrews have a personal animus toward the plaintiff?" Pl.'s Opp'n at 5. "'Conduct of a servant is not within the scope of employment if it is ... too little actuated by a purpose to serve the master.'"

---

[8] Plaintiff, by suing Defendant Nicholson in his official capacity, concedes the accuracy of his Westfall certification.

Stokes, 327 F.3d at 1216 (quoting Restatement (Second) of Agency § 228(2)). The District of Columbia's formulation of this test "'excludes from the scope of employment all actions committed solely for [the servant's] own purposes.'" Stokes, 327 F.3d at 1216 (quoting Weinberg v. Johnson, 518 A.2d 985, 990 (D.C. 1986) (internal quotation omitted)). Plaintiff has plainly failed to show, by a preponderance of the evidence, that Defendants' actions were committed solely for their own purposes.

In light of Plaintiff's concessions, and because he has not produced, nor indicated that he could provide, evidence demonstrating that Defendants were acting outside their scope of employment, the Court finds that Plaintiff has failed to rebut the government's certification.[9] Accordingly, the Court concludes that the United States was properly substituted for Defendants Andrews and Nicholson under the Westfall Act.

**B. The United States Is Immune from Suit Under the Federal Tort Claims Act**

The United States argues that if it is substituted for Defendants Andrews and Nicholson under the Westfall Act, it is immune from suit under the Federal Tort Claims Act ("FTCA"), 28

---

[9] The Court also notes that Plaintiff has not requested an evidentiary hearing or preliminary discovery with respect to his allegations regarding Defendants. Compare Stokes, 327 F.3d at 1216 (plaintiff sought "depositions of the defendants and other witnesses as well as statements they had made and memoranda they had written" to "indicate that they had maliciously acted contrary to their employer's interest and, therefore, outside the scope of their employment").

U.S.C. §§ 2671, et seq. The doctrine of sovereign immunity bars all suits against the United States except in the event of an explicit statutory waiver of such immunity. See Cox v. Sec'y of Labor, 739 F.Supp. 28, 29 (D.D.C. 1990). While the FTCA is one common source for a waiver of sovereign immunity, Section 2680(h) of the FTCA specifically excludes "[a]ny claim arising out of assault, battery, false imprisonment, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights" from that waiver. 28 U.S.C. § 2680(h) (emphasis added). Because the sole basis of Plaintiff's suit is defamation, the Court concludes that the United States is immune from suit pursuant to Section 2680(h).[10] See 28 U.S.C. § 2680(h).

**IV. CONCLUSION**

Accordingly, for the foregoing reasons, the United States' Motion to Dismiss is **granted.**

An Order will issue with this Memorandum Opinion.

July 12, 2005

/s/
Gladys Kessler
United States District Judge

[10] In light of the Court's holding, supra, that the United States is immune from suit under the FTCA, it is unnecessary to address the United States' argument that Plaintiff's Complaint should be dismissed for failure to exhaust administrative remedies.